139 So. 766

## STAFFORD v. TOLMAS REALTY CO., Inc.

No. 30878.

Feb. 1, 1932.

Louis B. Claverie, of New Orleans, for appellant.

Sidney G. Roos, of New Orleans, for appellee.

ROGERS, J.

The plaintiff as the alleged holder of two promissory notes secured by vendor's lien and mortgage proceeded via ordinaria against the mortgaged property. The defendant, answering the suit, alleged that he was induced to execute the notes, act of sale, and mortgage by the fraud and misrepresentations of an agent of his vender, to the knowledge of the plaintiff, who was merely a party interposed for the purpose of the institution of the suit. Defendant prayed for the dismissal of the suit, with reservation of his right to sue for the return of all sums paid his vendor, and for the cancellation of the sale.

The cause was submitted to a jury in the court below, who found for the defendant. The plaintiff appealed from the judgment entered on the verdict.

The notes on which plaintiff predicates his action are dated April 22, 1927. The first note which is for $2,115 is payable at the rate of $45 per month, and the second note which is for $2,385 is payable 48 months after date. At the time suit was filed, July 3, 1929, only eleven installments of $45 each were due on the first note, and the second note had not reached its maturity. But plaintiff brought his suit on the theory that the notes and the act of sale and mortgage provided that a failure to pay when due any installment on the first note matured the balance due on that note, as well as the principal of the second note, with interest, costs, and attorney's fees, which was incorrect.

Defendant has moved to dismiss plaintiff's appeal on the ground that this court is without jurisdiction ratione materiæ.

■■■ There is no acceleration clause in the notes or in the act of sale and mortgage; hence, as shown on the face of the record, and as admitted by plaintiff, the amount in dispute when the case was submitted to the jury was $495, the aggregate of the eleven matured installments on the first note, together with interest, costs, and attorney's fees.

Inasmuch as this court has not appellate jurisdiction in civil suits unless the amount in dispute exceeds $2,000, exclusive of interest, the case falls within the jurisdiction of the Court of Appeal, and not of this court.

For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the parish of Orleans; provided that if the record be not filed in that court within

thirty days from the date on which this decree becomes final, the appeal shall stand dismissed, at appellant's cost.